GEORGE D. LITTLE vs. STETTHEIMER & BROTHER.

Defendant employed an agent to sell for him a stock of goods in the city of St. Louis; to facilitate the sale, the agent purchased from th· plaintiffs and others, additional goods "in his own name;" defendant afterwards knew of the purchases and sanctioned them by his consent.   Held that he is liable for the purchases thus made.

Little vs. Stettheimer & Brother.

## APPEAL from St. Louis Court of Common Pleas.

Knox & Kellog, for appellants.

The court erred in deciding that the plaintiff was liable to the defendants as co-partner with Irvin. To constitute a co-partnership there must be a liability to share both profits and losses. of which there is not the slightest evidence in this case. 1 Werd., 463, Compton vs. McNair; Story on Partnerships, sec. 36, page 46; 14 Pickering, 192, Turner vs. Bissell. 2d Greenleaf's evidence, 394, 315, 396.

Irvin was never authorized to make any purchase for him and the evidence shows that the goods were sold to Irvin on his own credit. There is no evidene that Little ever acknowledged any such authority or paid for any such purchase.

The evidence shows that at the time the agreement between Little and Irvin was entered into it was contemplated by the parties that additional goods were to be added to the stock by said Little (who it appears was a wholesale dealer,) and Little was to be allowed the usual per centum charged by wholesale dealers for such additional stock.

Under said agreement between Little and Irvin there was no power given to him to purchase except of Little. It was however, contemplated that Irvin might subsequently purchase said stock, and therefore Little was under no obligation, nor had he any right to prohibit Irvin purchasing goods from other persons on his own account.

The fact that Little subsequently took possession of the goods in the store kept by Irvin as his own or sold them to pay Irvin's indebtedness to him, cannot affect his liability in this suit. If he took said goods wrongfully, then he is liable to Irvin for such wrongful taking. Nor does the fact that some of the goods taken by Little were purchased by Irvin of the defendants affect Little's liability in the present action. If the goods taken belonged to Irvin then Little is liable to him as a trespasser but he is not liable to Irvin's creditors.

The plaintiff submits that he is no more liable for goods purchased by Irvin while carrying on business under the aforesaid agreement than he would have been if he had had a mortgage on all goods in Irvin's store or that might be added to said stock, to secure Irvin's indebtedness to him. Little claimed the goods as security for the payment of $6717 4 on the payment of which by Irvin he was to become the owner of said stock.

Kirtley, for appellee.

1. The court of common pleas committed no error in overruling the instructions asked by appellant on the hearing.

2. The finding and judgment of the court was right on the agreed facts as made by the parties.

3. The court committed no error in overruling the motion for a new trial. 3 Mo. R., 496; Ruggles vs. Washington county, 7 Mo. R., 318; 16 Johns. R., 34, Dob vs. Halsen; 6 S. & R. 333, Gill vs. Hohn.

Ryland, Judge, delivered the opinion of the court.

This was an action originally brought before a justice of the peace by plaintiffs against the defendant Little. The plaintiffs obtained judgment, the defendant appealed to the court of common pleas, where the

plaintiffs again had judgment—from which last judgment, the defendant appealed to this court.

The following agreed case was submitted to the court of common pleas.

"This was an action brought by plaintiffs, against defendant for the recovery of $63 91, the balance on an account of $118 91 for goods, wares and merchandize furnished and sold by said plaintiffs to David M. Irvin, who it was proven had been, from about the 9th day of November, 1846, carrying on a retail store in the dry goods line, on 4th street, in the city of St. Louis, until about the 9th of March, 1848. That during that time Irvin had from time to time purchased on a short credit and partial payments several bills of goods from the plaintiffs as set out in the account filed as the foundation of the action in this case. That previous to Irvin's commencing business on the 9th November, 1846, he and Little entered into the agreement, which is here inserted—that under this contract Irvin commenced and carried on the business in his own name with the original stock of goods furnished him under said contract, kept up, and added to by the purchases made from plaintiffs as shown by the said account, and similar purchases made by said Irvin from E. M. Sell & Co., and others in Saint Louis, and by goods furnished by Little from time to time under the contract. That during said business, said Little resided in, and carried on the mercantile business as wholesale dealer in Saint Louis, and was frequently in the store-house managed by said Irvin, looking after his interest therein, and his contract with said Irvin—that about the 9th of March, 1848, said Little became dissatisfied with said Irvin's management, and on the morning of the 9th March, 1848, before Irvin came to the store on 4th street, so carried on by him, Little came with hands and cars, to said store, took out and hauled off the stock of goods therein and had the same sold at auction for his own use and benefit. That among this stock, were the articles furnished and sold to Irvin by the plaintiffs on the 8th of March 1848, in the packages and parcels as received by Irvin of the plaintiffs.

It was also found and admitted that the several bills of goods in plaintiffs account specified, were charged by plaintiffs at the regular and usual prices on their books, to and in the name of said Irvin, and not George D. Little.

It was further proved and admitted, that at the time these goods were so taken by Little, Irvin was indebted to him in a much greater amount than those goods were worth—and the question now submitted is under the agreed state of facts—can the plaintiffs recover in this action the said balance of $63 91 of said defendant Little, or are they by law only entitled to look to said Irvin for payment thereof."

Little vs. Stettheimer & Brother.

The article of agreement is as follows: "These articles of agreement made and entered into by and between George D. Little and David M. Irvin, both of the city and county of St. Louis, and State of Missouri, witnesseth that whereas the said George D. Little did on the 9th day of November, 1846, for and in consideration of the covenants and agreements hereinafter contained, make, constitute and appoint the said David M. Irvin, his true lawful agent, for him and in his name to take possession of the store No. 54, Fourth street in the city aforesaid, then and before accupied by one Charles A. F. Fessenden, and of the goods and merchandize in said store, by him, the said Little at that date purchased of the said Fessenden, and for him the said Irvin to sell and dispose of the said goods and merchandize and other goods and other merchandize, that thereafter might be added to said stock in said store or any other to which said goods may be removed and to account to, and with him the said Little for the proceeds of said sales - and it is further understood and agreed by and between the said parties, that the said Irvin shall receive for his compensation for selling the said goods, and managing and conducting the business aforesaid, such amount as may be received from the sale of said goods after allowing and paying over to the said Little the costs of the original stock, the costs and usual per centum charged by wholesale merchants on the additions of goods made to said stock, and after paying all expenses, such as rent for the store, clerk hire, &c., incident to sale of said goods—and it is further understood and agreed by and between the parties hereto, that if at any time, the said Irwin shall pay or cause to be paid to the said Little the sum of six thousand seven hundred and seventeen dollars and four cents, that being the original costs of said goods, at the date of this agreement, to wit, on the 9th of November, eighteen hundred and forty-six, and such further or other sums as may be due the said Little for additional goods that may have been added to the said stock, as aforesaid, then and in that case the said Little covenants and agrees to give the said Irvin a full and absolute bill of sale of all the goods in said store or other as the case may be at the time of such payment as aforesaid, and in case of the death of said Little, it is further covenanted and agreed, if within three months after the said death, the said Irvin shall pay or cause to be paid the said sum or sums aforesaid, or any part thereof, that may then be due and unpaid, to the administrator or legal representatives of the said Little, that he or they shall make and execute to said Irvin such bill of sale as aforesaid; and the said David M. Irvin, in consideration of the premises and the compensation herein before specified, hereby covenants and agrees to and with the

said George D. Little or his legal representatives, faithfully, fully and truly to account for all sales made of said goods and merchandize as aforesaid, and for the faithful performance of all the covenants herein before mentioned. In testimony whereof the said parties to this agreement, have for the purposes aforesaid, hereto affixed their hands and seals in duplicate." This article was signed and sealed by the parties.

The defendant upon this state of the facts in proof asked the court to declare the law to be as follows:

1st. The court is asked to decide that there is no evidence in this case to show that Little and Irvin were partners, or that Little was liable as partner for the goods purchased of the plaintiff.

2d. That there is no evidence in this case to show that D. M. Irvin had authority as agent of Little to purchase the goods for which this suit is brought.

3d. That by the contract between the defendant and Irvin offered in evidence, the said Irvin was not authorized to purchase goods for said Little.

These instructions were refused and the defendant excepted. The court found for the plaintiffs. The defendant moved for a new trial, which was refused and excepted to, and the defendant then brought the case to this court by appeal.

From the facts disclosed by the agreed case, I entertain no doubt of the correctness of the decision of the lower court. David M. Irvin was the agent of Little in selling the goods, and no doubt was the agent in making purchases of additional goods from the plaintiffs, from E. M. Sell & co., and others, from time to time, in order to facilitate the sale of the original stock, bought by Little of Fessenden. The defendant was frequently at the store of Irvin or at his store, kept by his agent Irvin; was looking over the business; and watching the management of it by Irvin. He could not have been ignorant of the purchases made from time to time by Irvin from November, 1846, until 9th March, 1848, and by his consent sanctioned the acts of his agent. It is nothing more than justice that he shall be bound by these acts.

I find no fault in the court below in refusing the instructions asked for by defendant, nor in finding the verdict for the plaintiffs, from the facts before it. It therefore committed no error in overruling the defendant's motion for a new trial.

The judgment is affirmed.